UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SUPAKAM CORP.,<br><br>　　　　Defendant. | Case No. 21-cv-04122-BLF<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>[Re: ECF No. 19] |

Before the Court is Supakam Corp.'s ("Supakam") Motion to Dismiss Plaintiff Scott Johnson's Americans with Disability Act and California Unruh Act claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Supakam owns a Togo's restaurant in San Jose, California that Mr. Johnson allegedly visited on three separate occasions in March and April 2021 to find that the restaurant did not have a wheelchair-accessible outdoor table. *See* Complaint, ECF No. 1 ¶¶ 8–14. Mr. Johnson, who is a C-5 quadriplegic who uses a wheelchair for mobility, sued Supakam for failure to reasonably accommodate his disability under (1) the ADA, 42 U.S.C. § 12101, *et seq* and (2) California's Unruh Act, Cal. Civ. Code §§ 51–53. *See id.* ¶¶ 1, 22–33. Mr. Johnson seeks an injunction compelling Supakam to comply with the ADA and Unruh Act, equitable nominal damages under the ADA, statutory damages under the Unruh Act, and attorneys' fees and costs. *See id.* at 7. On October 12, 2021, Supakam moved to dismiss, arguing that this Court lacks subject matter jurisdiction over Mr. Johnson's claims due to mootness and lack of standing under Rule 12(b)(1), as well as various pleading defects under Rule 12(b)(6).

Based on the below reasoning, the Court DENIES Supakam's Motion.

**I.　BACKGROUND**

Supakam is a California corporation that owned the Togo's located at or about 1008 Blossom

1   Hill Rd. in San Jose, California (the "Restaurant") in March and April 2021. *See* Complaint,
2   ECF No. 1 ¶¶ 2–3. Mr. Johnson is a California resident. *See id.* ¶ 1. Mr. Johnson cannot walk and
3   uses a wheelchair for mobility. *See id.*

4   Mr. Johnson alleges that he visited the Restaurant once in March 2021 and twice in April
5   2021 with the intention to avail himself of its goods or services. *See id.* ¶ 9. Mr. Johnson alleges
6   that on the dates he visited the Restaurant, Supakam failed to provide wheelchair accessible outside
7   dining surfaces in conformance with the ADA Standards. *See id.* ¶ 10. Mr. Johnson alleges that the
8   Restaurant's outside dining surfaces lacked sufficient knee or toe clearance for wheelchair users.
9   *See id.* ¶ 12. Mr. Johnson further alleges that such barriers are easily removed without much
10  difficulty or expense, and numerous alternative accommodations are available. *See id.* ¶ 19. Mr.
11  Johnson alleges that he will return to the Restaurant to avail himself of its goods once it is
12  represented to him that the Restaurant and its facilities are accessible. *See id.* ¶ 20. Mr. Johnson
13  brings claims against Supakam for violations of the ADA and California's Unruh Act. *See id.*
14  ¶¶ 22–33.

15  On October 12, 2021, Supakam filed a motion to dismiss Mr. Johnson's claims under
16  Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a
17  claim. Supakam argues that to the extent its Rule 12(b)(1) motion is intertwined with the merits of
18  Mr. Johnson's claims, it should be treated as a motion for summary judgment under Rule 56. *See*
19  Motion, ECF No. 19 at 3–5.

20  First, Supakam argues that Mr. Johnson's ADA claim should be dismissed as moot under
21  Rule 12(b)(1), because Supakam has implemented policies preventing the alleged violations from
22  recurring. *See* Motion, ECF No. 19 at 5–7. Supakam presents declarations from its representative
23  Amith Chalasani, who is responsible for ADA compliance and operations of the Restaurant, and
24  California Certified Access Specialist ("CASp") Kelly Bray. *See* Chalasani Decl., ECF No. 19-4;
25  Bray Decl., ECF No. 19-6; Chalasani Reply Decl., ECF No. 23-3. Supakam argues that the evidence
26  indicates it had an ADA table and a policy for placing it outside each day at the time of Mr.
27  Johnson's visits; it has an ADA policy that its employees have reviewed; it has posted a checklist at
28  the Restaurant requiring employees to track that they have placed the ADA-compliant table outside

each day; and there is a contract for Mr. Bray to inspect the premises for ADA compliance annually or biannually over three years. *See* Motion, ECF No. 19 at 5–7.

Second, Supakam argues that Mr. Johnson's Unruh Act claim should be dismissed for lack of subject matter jurisdiction, since the evidence indicates that the alleged violation resulted from an employee's temporary mistake, so the Court lacks standing under the *de minimis* doctrine. *See id.* at 9–11. Third, Supakam raises two arguments that the Court interprets under Rule 12(b)(6)—specifically, Supakam argues that (1) Mr. Johnson's ADA claim should be dismissed based on his conclusory allegations regarding Supakam's failure to make reasonable modifications to its policies or practices and (2) Mr. Johnson is only entitled to recover under the Unruh Act for one of his three visits based on his failure to mitigate his damages. *See id.* at 7–8. Fourth, Supakam argues that the Court should decline to exercise supplemental jurisdiction over Mr. Johnson's Unruh Act claim. *See id.* at 8 n.3.

In response, Mr. Johnson argues that Supakam's Rule 12(b)(1) motion is intertwined with the merits of his claims and cannot be resolved at this stage, and converting Supakam's motion to a summary judgment motion is premature. *See* Opposition, ECF No. 21 at 3–4 & n.1. Further, Mr. Johnson argues that there are multiple fact issues that prevent the Court from granting Supakam's motion at this stage, including how the Restaurant's employees failed to place the ADA-compliant table outside despite Supakam's policy and when Supakam implemented its ADA Policies and Procedures. *See id.* at 5. Further, Mr. Johnson argues that Supakam has failed to establish that the alleged violations will not recur. *See id.* at 6–8. Additionally, Mr. Johnson argues that the Court should exercise supplemental jurisdiction over his Unruh Act claim, regardless of whether the ADA claim remains. *See id.* at 8–9.

**II.     LEGAL STANDARD**

    **A.     Motion to Dismiss for Lack of Subject Matter Jurisdiction – Rule 12(b)(1) and Rule 12(h)(3)**

A party may challenge the Court's subject matter jurisdiction by bringing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). A jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the

3

Court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction. *Id.*; *see also Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where the attack is factual like in the present case, however, "the court need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving a factual dispute as to the existence of subject matter jurisdiction, the Court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. *Id.* Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute the allegations in the complaint, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

Dismissal for lack of subject matter jurisdiction is "exceptional" in federal question cases and is warranted only "where the alleged claim under the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." *Safe Air*, 373 F.3d at 1039 (internal quotation marks and citation omitted). Dismissal "is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action." *Id.* (internal quotation marks and citation omitted). "The question of jurisdiction and the merits of an action are intertwined where a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Id.* (internal quotation marks and citation omitted).

**B.   Motion to Dismiss for Failure to State a Claim – Rule 12(b)(6)**

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a plaintiff has stated a claim, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese*

4

1  *v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).  However, the Court need not
2  "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations
3  that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re*
4  *Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations
5  omitted).  While a complaint need not contain detailed factual allegations, it "must contain sufficient
6  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v.*
7  *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A
8  claim is facially plausible when it "allows the court to draw the reasonable inference that the
9  defendant is liable for the misconduct alleged."  *Id.*  On a motion to dismiss, the Court's review is
10 limited to the face of the complaint and matters judicially noticeable.  *MGIC Indem. Corp. v.*
11 *Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581
12 (9th Cir. 1983).

### III. DISCUSSION

#### A. Request for Judicial Notice

Supakam requests judicial notice of Google Maps search results indicating driving distance between Mr. Johnson's residence and the Restaurant, arguing that courts have consistently taken judicial notice of travel distances from online sources.  *See* Request for Judicial Notice, ECF No. 19-8; *id.*, Ex. A.  Supakam cites the Google Maps search results to argue that Mr. Johnson's conduct in visiting the Restaurant on three separate occasions was unreasonable in light of his obligation to mitigate his damages.  *See* Motion, ECF No. 19 at 7–8.  Mr. Johnson objects to the search results on the basis of relevance.  *See* Opposition, ECF No. 21 at 2.  The Court agrees with Mr. Johnson.  The Complaint does not allege that Mr. Johnson drove between his residence and the Restaurant on any of the three visits in March and April 2021.  *See* Complaint, ECF No. 1 ¶¶ 2–3.  Accordingly, the Court does not see the relevance of the Google Maps search results and declines to take judicial notice of them.

#### B. Evidentiary Objections

Mr. Johnson raises evidentiary objections in his Opposition.  *See* ECF No. 21 at 2.  Supakam does not respond to any of these objections in its Reply.

1    First, Mr. Johnson argues that Supakam's evidence that its employees do not recall seeing a person in a wheelchair in or around or near their dining area is hearsay. *See* Opposition, ECF No. 21 at 2. Supakam provides statements in the declarations of Supakam representative Mr. Chalasani indicating that none of his employees "saw or heard from" Mr. Johnson. *See* Chalasani Decl., ECF No. 19-4 ¶ 2; Chalasani Reply Decl., ECF No. 23-3 ¶¶ 2, 6; Motion, ECF No. 19 at 7. Since the statements from Supakam's employees are clearly out-of-court statements offered to prove the truth of the matter asserted, the Court SUSTAINS Mr. Johnson's objection to this evidence.

Second, Mr. Johnson objects to "the copies of Defendant's employees." *See* Opposition, ECF No. 21 at 2. Since the Court cannot identify what evidence Mr. Johnson is objecting to, the Court OVERRULES this objection.

Third, Mr. Johnson objects to the monthly calendar checklist. *See id.* at 2. Mr. Chalasani provides a daily checklist he indicates is posted in the Restaurant to ensure that employees are placing the ADA-compliant table outside each day. *See* Chalasani Decl., ECF No. 19-4 ¶ 9; *id.*, Ex. D. Mr. Johnson provides no basis for why the daily checklist document is hearsay. Accordingly, the Court OVERRULES this objection.

### C. Rule 12(b)(1) Motion

Supakam argues that this Court does not have subject matter jurisdiction over Mr. Johnson's ADA or Unruh Act claims because (1) the ADA claim is moot based on Supakam's changes to its policies and (2) Mr. Johnson lacks standing to bring the Unruh Act claim since the alleged violation only could have resulted from employee mistake, which is insufficient for standing under the *de minimis* doctrine. The Court considers each issue in turn.

#### i. Mootness of ADA Claim

The parties dispute whether or not Mr. Johnson's ADA claim is moot and therefore this Court lacks subject matter jurisdiction over it. A plaintiff can only have Article III standing for injunctive relief if he or she can "demonstrate a sufficient likelihood that he will again be wronged in a similar way. That is, he [or she] must establish a real and immediate threat of repeated injury." *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004). Accordingly, "[b]ecause a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA,

. . . a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011). To prevail in showing mootness for voluntary cessation of alleged wrongful conduct, a defendant must show that the alleged behavior "could not reasonably be expected to recur." *See Johnson v. Holden*, No. 5:18–cv–01624–EJD, 2020 WL 1288404, at *4 (N.D. Cal. Mar. 18, 2020) (quoting *Moore v. Dollar Tree Stores, Inc.*, 85 F.Supp.3d 1176, 1187 (E.D. Cal. 2015)). When considering voluntary cessation of alleged wrongful conduct related to non-structural features, courts consider "the bona fides of the expressed intent to comply, the effectiveness of the discontinuance and, in some cases, the character of the past violations." *See id.* (quoting *Watanabe v. Home Depot USA, Inc.*, 2003 WL 24272650, at *4 (C.D. Cal. July 14, 2003)).

Supakam argues that Mr. Johnson's claims are moot in light of the evidence it submits demonstrating the steps it has taken to prevent the recurrence of the alleged violations since they allegedly took place. *See* Motion, ECF No. 19 at 5–7. First, Supakam provides a declaration from CASp Kelly Bray indicating that he inspected the property at 1008 Blossom Hill Road for the former owner on October 26, 2017 and found that it had an ADA-compliant outdoor table. *See* Bray Decl., ECF No. 19-6 ¶ 3. Bray provides a photograph of the table that he took on October 26, 2017. *See id.*, Ex. A. Bray also indicates that he inspected the premises on July 28, 2021 and August 5, 2021 following Mr. Johnson's visits in March and April 2021, and he found that the Restaurant had an ADA-compliant outdoor table. *See* Bray Decl., ECF No. 19-6 ¶¶ 4–5; *id.*, Ex. A.

Second, Supakam provides a declaration from its representative Amith Chalasani indicating that he has implemented ADA Policies and Procedures, which he attaches to his declaration. *See* Chalasani Decl., ECF No. 19-4 ¶ 5; *id.*, Ex. A; *id.*, Ex. C (signatures of employees acknowledging receipt and review of the ADA Policies and Procedures). Mr. Chalasani further indicates that he prepared a "monthly calendar checklist" for employees who open the Restaurant to sign indicating that they placed the ADA-compliant table outside each day, and threatening disciplinary action up to and including termination for employees who do not comply. *See* Chalasani Decl., ECF No. 19-4 ¶ 9; *id.*, Ex. D. Additionally, Mr. Chalasani indicates that the Restaurant has had an ADA-compliant outdoor table since he purchased the Restaurant in 2019 and a policy of daily placing that table

7

1  outside. *See* Chalasani Decl., ECF No. 19-4 ¶¶ 3, 5; Chalasani Reply Decl., ECF No. 23-3 ¶ 3. Mr.
2  Chalasani indicates that he does not know why it had not been placed outside on the days Mr.
3  Johnson visited the restaurant. *See id.*

4  Third, Supakam provides evidence that CASp Kelly Bray executed a contract with Mr.
5  Chalasani for Mr. Bray to inspect the Restaurant on an annual or biannual basis, including ADA
6  features and the monthly checklists showing that employees have been placing the ADA-complaint
7  outside each day. *See* Bray Decl., ECF No. 19-6 ¶¶ 5–6; Chalasani Decl., ECF No. 19-4 ¶ 7; Bray
8  Decl., Ex. B.

9  Based on the evidence it provides, Supakam argues that the Restaurant has an ADA-
10 compliant outdoor table, it has an ADA policy, and it has implemented policies for ensuring that
11 employees daily place the ADA-compliant table outside the Restaurant. Accordingly, Supakam
12 argues "[t]here is no genuine issue of fact for the Court to resolve regarding Plaintiff's ADA claim,"
13 so Mr. Johnson's claim is moot. *See* Motion, ECF No. 19 at 5–7.

14 In response, Mr. Johnson argues that Rule 12(b)(1) is inapposite because the issue of
15 jurisdiction is intertwined with the merits of his ADA claim. *See* Opposition, ECF No. 21 at 3. And
16 Mr. Johnson argues that Supakam's own evidence raises multiple fact issues that "go right to the
17 heart of the merits of the case." *See id.* at 5. Mr. Johnson argues that Supakam's evidence of an
18 ADA policy raises questions because (1) Mr. Chalasani indicates that the Restaurant had a policy to
19 place the ADA-compliant table outside on the dates of Mr. Johnson's visits, but according to Mr.
20 Johnson's allegations the table was nonetheless not placed outside on those dates and (2) Supakam
21 has provided no evidence showing when the ADA policy was implemented. *See* Opposition, ECF
22 No. 21 at 5. Accordingly, Mr. Johnson argues that Supakam has failed to show the violation cannot
23 be reasonably expected to occur. *See id.* at 6–8.

24 The Court agrees with Mr. Johnson. "Jurisdictional finding of genuinely disputed facts is
25 inappropriate when 'the jurisdictional issue and substantive issues are so intertwined that the
26 question of jurisdiction is dependent on the resolution of factual issues going to the merits' of the
27 action." *Sun Valley Gasoline, Inc. v. Ernst Enterprises, Inc.*, 711 F.2d 138, 139 (9th Cir. 1983).
28 The issues raised by Supakam are too intertwined with the merits of Mr. Johnson's ADA claim for

the Court to resolve this on a Rule 12(b)(1) motion. The question of whether it is reasonably likely for the alleged violations to occur in light of Supakam's newly implemented policies hinges on whether and how the alleged violation occurred in the first place, since the evidence indicates that Supakam had a policy for avoiding the alleged violations at the times they allegedly occurred. *See* Chalasani Decl., ECF No. 19-4 ¶ 3. Accordingly, Supakam's Rule 12(b)(1) motion goes straight to the merits of Mr. Johnson's ADA claim, and the court cannot resolve it at this stage. *See Johnson v. SSR Grp., Inc.*, No. 15–CV–05094–MEJ, 2016 WL 3669994, at *2 (N.D. Cal. July 11, 2016) ("Defendant is correct that this Court would lack jurisdiction over Plaintiff's ADA claim if all of the barriers Plaintiff identifies in the FAC have been remediated; but whether the barriers have been adequately remediated is at the heart of the merits of Plaintiff's ADA claim."); *Garcia v. Beck*, No. 21–cv–04575–CRB, 2021 WL 5298839, at *1 (N.D. Cal. Nov. 15, 2021).

Supakam attempts to analogize this case to the *Johnson v. Oishi* case. *See* Reply, ECF No. 23 at 4 (citing 362 F.Supp.3d 843 (E.D. Cal. 2019). In that case, an Eastern District of California court found that an ADA claim related to a parking space that needed to be regularly repainted was moot where the defendants had a history of compliance and spent "considerable sums of money" bringing the parking lot into compliance, including via an agreement for annual repainting. *Oishi*, 362 F.Supp.3d at 849. But the present case does not involve a gradually fading parking spot—it involves daily compliance with a policy of placing an ADA-compliant table outdoors where Supakam and Restaurant allegedly have a history of failing to do so in spite of having just such a policy. Accordingly, the Court is not persuaded by Supakam's analogy to the *Johnson v. Oishi* case.

Further, Supakam's other cases pertain to disanalogous structural features—not a movable table dependent on an employee policy like the present case. *See Johnson v. Case Ventures, LLC*, No. 5:19–cv–02876–EJD, 2020 WL 4747908, at *1 (N.D. Cal. Aug. 17, 2020) (pertaining to parking and paths of travel); *Johnson v. Reimal*, No. 20–cv–01192–WHO, 2021 WL 428631, at *1 (N.D. Cal. Feb. 8, 2021) (same); *Duarte v. M & L Bros. Pharmacy Inc.*, No. 2:14–cv–00029–ODW (Ex), 2014 WL 5663921, at *1 (C.D. Cal. Nov. 4, 2014) (pertaining to accessible parking spots); *Org. for Advancement of Minorities with Disabilities v. Brick Oven Restaurant*, 406 F.Supp.2d 1120, 1123 (S.D. Cal. 2005) (pertaining to various restaurant fixtures); *Lindsay v.*

*1777 Westwood Ltd. P'ship*, No. 2:17–cv–0333–ODW(AS), 2018 WL 4006425, at *1 (C.D. Cal. Aug. 17, 2018) (pertaining to parking, path of travel, and bathroom fixtures); *Hubbard v. 7-Eleven, Inc.*, 433 F.Supp.2d 1134, 1143–44 (S.D. Cal. 2006) (pertaining to various store fixtures, including a ramp); *Brooke v. Peterson*, 185 F.Supp.3d 1203, 1204 (C.D. Cal. 2016) (pertaining to lack of pool lifts).

Supakam argues that to the extent the Court finds jurisdictional and substantive issues intertwined, it should treat Supakam's Rule 12(b)(1) motion as a summary judgment motion pursuant to Rule 56. *See* Motion, ECF No. 19 at 4–5. In response, Mr. Johnson argues that the Court should not convert Supakam's motion to a summary judgment motion, since the case is at its earliest stage and Plaintiff has been unable to conduct any discovery. *See* Opposition, ECF No. 21 at 4–5. Mr. Johnson argues that he would be entitled to file a Rule 56(d) motion if Supakam had filed a summary judgment motion given the stage of the case. *See id.*

The Court agrees with Mr. Johnson. Under General Order 56, discovery is stayed, so treating Supakam's motion as a summary judgment motion would not be appropriate at this stage. *See* General Order 56 ¶ 3; *Garcia*, 2021 WL 5298839, at *2; *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987).

Accordingly, the Court DENIES Supakam's motion to dismiss Mr. Johnson's ADA claim for lack of subject matter jurisdiction under Rule 12(b)(1).

### ii. Lack of Standing for Unruh Act Claim

Supakam further argues that the Court should dismiss Mr. Johnson's Unruh Act claim under the *de minimis* doctrine, because if the ADA-compliant table was not placed outside on the days Mr. Johnson visited the Restaurant, it was due to a temporary employee mistake. *See* Motion, ECF No. 19 at 9–11. Supakam argues that courts have found that such temporary and transitory denials of access do not amount to ADA violations. *See id.*

The Court finds that the issue of whether the alleged violations in this case were a temporary or transitory mistake is inextricably intertwined with the merits of Mr. Johnson's ADA and Unruh Act claims, and therefore cannot be resolved at the Rule 12(b)(1) stage. Mr. Johnson alleges that he found there to be no ADA-compliant table outside the Restaurant on three separate occasions in

10

March and April 2021. For the Court to rule that these incidences were all temporary or transitory mistakes would go straight to the merits of Mr. Johnson's claims. And it is not even clear to the Court that there is any evidence in support of Supakam's argument that the alleged violations were the result of a temporary mistake. *See, e.g.,* Chalasani Decl., ECF No. 19-4 ¶ 5 ("I do not know why Mr. Johnson did not see the outdoor ADA table[.]"); Motion, ECF No. 19 at 11 ("He does not know why the table was missing."). Supakam cites Judge Orrick's opinion in *Johnson v. Reimal Family Limited Partnership*—but that case was decided under the summary judgment standard, which the Court declines to apply in this case as outlined above. *See* 2021 WL 428631, at \*\*5–7.

Accordingly, the Court DENIES Supakam's motion to dismiss Mr. Johnson's Unruh Act claim for lack of subject matter jurisdiction under Rule 12(b)(1).

### D. Rule 12(b)(6) Motion

While Supakam is not clear under which rules it raises various arguments in its Motion, the Court interprets two of its remaining arguments as motions to dismiss for failure to state a claim under Rule 12(b)(6). First, Supakam argues that Mr. Johnson's ADA claim should be dismissed because his allegations regarding Supakam's failure to make reasonable accommodations to its policies are conclusory. Second, Supakam argues that Mr. Johnson failed to mitigate his damages by visiting the Restaurant on three occasions without notifying the Restaurant of its lack of an ADA-compliant outdoor table, so he is only entitled to recover under the Unruh Act for his first visit. The Court considers each of these arguments under Rule 12(b)(6) in turn.

#### i. ADA Claim

Supakam argues that the Court should dismiss Mr. Johnson's ADA claim because he has not alleged facts supporting his "conclusory" allegation that Supakam failed to make reasonable modifications in policies, practices, or procedures when such modifications were necessary to afford services to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. *See* Motion, ECF No. 19 at 8–9 (citing Complaint, ECF No. 1 ¶ 23). Supakam further argues that it has presented evidence of its past and present policies for ADA compliance. *See id.*

The Court finds that Mr. Johnson has alleged sufficient facts to support his allegation

regarding Supakam's failure to make reasonable modifications to its policies. Mr. Johnson alleges that on the days he visited the Restaurant, an ADA-compliant table was not available outside the Restaurant. *See* Complaint, ECF No. 1 ¶¶ 8–19. It is a reasonable inference from Mr. Johnson's factual allegations that Supakam had not made reasonable modifications in its policies, practices, or procedures to ensure ADA compliance. Further, the Court cannot consider Supakam's evidence on a Rule 12(b)(6) motion.

Accordingly, the Court DENIES Supakam's Rule 12(b)(6) motion to dismiss Mr. Johnson's ADA claim.

### ii. Unruh Act Claim

Supakam further argues that as a matter of law, Mr. Johnson is only entitled to recovery for one of his three visits to the Restaurant, since under California law, since he did not seek to mitigate his damages from the first visit by notifying Supakam. *See* Motion, ECF No. 19 at 7–8. Supakam points to the evidence it provides of Mr. Johnson's failure to alert the Restaurant and Google Maps results indicating the driving distance between Mr. Johnson's residence and the Restaurant. *See id.* (citing Chalasani Decl., ECF No. 19-4; Request for Judicial Notice, ECF No. 19-8, Ex. A). Under California law, courts are required to "consider the reasonableness of the plaintiff's conduct in light of the plaintiff's obligation, if any, to mitigate damages." Cal. Civ. Code § 55.56(i).

The Court finds that it is premature for it to rule on the question of whether Mr. Johnson's failure to mitigate damages prevents him from recovering for his second and third visits to the restaurant, since it involves factual questions regarding the reasonableness of Mr. Johnson's conduct. Further, the Court cannot consider Supakam's evidence at the Rule 12(b)(6) stage, and the Court declines to take judicial notice of Supakam's Google Maps results due to lack of relevance, as outlined above.

Accordingly, the Court DENIES Supakam's Rule 12(b)(6) motion to dismiss regarding Mr. Johnson's Unruh Act claim.

### E. Supplemental Jurisdiction for Unruh Act Claim

Supakam argues in a footnote that the Court should decline supplemental jurisdiction for Mr. Johnson's Unruh Act claim. *See* Motion, ECF No. 19 at 8 n.3. Since the Court declines to

1  dismiss Mr. Johnson's ADA claim, the Court finds that supplemental jurisdiction for Mr. Johnson's

2  Unruh Act claim is appropriate.

3  In its Reply, Supakam raises additional arguments for why the Court should decline

4  supplemental jurisdiction for Mr. Johnson's Unruh Act claim. *See* Reply, ECF No. 23 at 6–8. Since

5  Supakam failed to raise these arguments in its Motion, the Court declines to consider them. *See*

6  *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

## IV.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Supakam's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is DENIED; and

2. Supakam's motion to dismiss for failure to state a claim under Rule 12(b)(6) is DENIED.

Dated:  March 11, 2022

_____
BETH LABSON FREEMAN
United States District Judge